## ROE V. STAPLES INTERIM REPORT

6/13/2008

The purpose of this interim report is to provide to ODJFS and Plaintiffs the court-approved expert's opinion concerning ODJFS progress toward compliance with the Roe v. Staples Consent Decree, as modified.

### Background

In April 2006, by agreement of the parties, the Court vacated its prior orders as they related to appointment of an expert panel in the matter of Roe v. Staples. In place of the expert panel, Etta Lappen Davis (dba Etsky Consulting), was appointed to provide expert advice to the Plaintiffs on Defendant Riley's Motion to Modify Consent Judgment Pursuant to Rule 60(b)(5) of the Rules of Civil Procedure (Doc. 101).

The Court further ordered that I continue to serve as court-approved expert for Plaintiffs, continue to monitor compliance with the Consent Decree as amended, and that such monitoring occur according to a schedule as agreed upon by the parties.

By agreement of the parties, development of a contract was postponed from FY '07 until FY '08. Contracting was further delayed as a result of new requirements at the state level. A contract was signed in November '07 and the parties proceeded to discuss scheduling a monitoring visit.

### Monitoring Activities

I originally requested the CPOE schedule and an update on the SACWIS roll-out in order to plan monitoring visits to three Counties. In a telephone conversation on March 13, 2008, ODJFS staff reported that SACWIS roll-out had been delayed and that although planned for completion in 2007, statewide roll-out has not yet been achieved. It was agreed that since full implementation of SACWIS throughout the state is essential to accomplishment of the terms of the consent agreement, monitoring visits to multiple Counties should be postponed until after completion of SACWIS roll-out. It was further agreed that I would visit one County where SACWIS roll-out had occurred and would observe a CPOE Exit meeting. The first available, mutually convenient date was May 14, 2008 and a site visit to Miami County was arranged for that date.

EXHIBIT A

In preparation for the site visit, the following documents were received and reviewed:
- Miami County Children Services Board Child Protection Oversight And Evaluation (CPOE) Stage 6 Report, April 11, 2007
- Miami County CPOE Stage 6 QIP Plans/Self-assessment Reports for Adoption, Assessment/Investigation, Foster Care Reentry, Protective Supervision, Reunification, and Substitute Care
- Miami County QIP Approval Letter, July 26, 2007
- Amendment Final Report Letter-Miami, August 14, 2007

A site visit was conducted to the Miami County Children Services Board (CSB) in Troy, OH. Miami County is considered a large county for CPOE purposes and is a stand alone agency, separate from the county department of job and family services, child support enforcement agency and work force development services.

Present at the CPOE Exit that I observed were ODJFS staff responsible for CPOE and Miami County CSB staff responsible for development and implementation of the QIPs. The Exit meeting was represented as typical of a Stage 6 Exit. Staff reviewed the Quality Improvement Plans and the status and efficacy of each corrective action.

Following the Exit Meeting, a CSB Supervisor conversant with SACWIS demonstrated the data system to me, including data entry, query function and report capacity.

## Findings

Based upon my review of materials listed above and my site visit on May 14, 2008, I have the following opinions regarding the three areas of concern:
1) Monitoring
2) Data validation
3) Needs assessment.

### 1) Monitoring

Observation of the Miami County Exit meeting supported my previous opinion that the **ODJFS CPOE system, as currently implemented, is an effective tool for monitoring the performance of PCSAs in Ohio.** The Miami County Stage 6 CPOE Exit demonstrated that the process offers thorough review of case practice issues identified during case record review. The resulting QIP plan addresses each area identified as needing correction and develops corrective action, identifies persons responsible and appropriate timeframes for correction.

Discussion during the Exit meeting demonstrated the impressive skills of CPOE staff and their commitment to quality improvement of services and service

delivery. An amalgam of qualitative and quantitative data informs the CPOE process, resulting in what appears to be far-reaching assessment of County-based child welfare services. The Exit demonstrated an atmosphere of trust, within which CPOE and Miami CSB staff have worked cooperatively for the betterment of services to children and their families.

**The CPOE process, however, is threatened by budget cuts announced last month that would place the current process in jeopardy. ODJFS has slated for elimination the positions of key staff responsible for conducting CPOE site visits and providing technical assistance to the PCSAs. Substantial reduction of staff raises concern about the continued effectiveness of the CPOE system, and Ohio's ability to comply with the requirements of the Row v. Staples Consent Decree, as modified.**

>    Recommendation:
>
>    **CPOE staff positions should not be eliminated, as reduction of staff would be detrimental to the CPOE system, maintenance of which is essential to compliance with the Roe v. Staples Consent Decree, as amended.**

2) Data Validation

**Roll-out of SACWIS has encountered significant road-blocks. Statewide roll-out has not been achieved and a date for completion of roll-out has not been identified. Since statewide roll-out of SACWIS is a pre-requisite for data validation, inadequate progress toward data validation has been made.**

3) Needs Assessment

In previous reports, I recommended that Plaintiffs and ODJFS agree that SACWIS data be used as the basis for needs assessment.

ODJFS had provided SACWIS design documents, including screen specifications, case plan specifications, services and definitions that appeared to indicate SACWIS data could provide the foundation for valid needs assessment. I reviewed the concern categories, services and definitions, and barriers lists in detail and found the lists to be comprehensive. I determined that using the proposed SACWIS pull down screens and the accompanying narrative fields, staff should be able to accurately identify concerns and needed services for each child and member of the family. The draft "barriers" list included all anticipated barriers and an "other" option with a text box, within which the caseworker could identify other unlisted barrier(s) to service delivery. Therefore, I believed that once rolled out, SACWIS would provide the data for ODJFS to compile aggregate data regarding child and family concerns, services needed, unmet

needs, and barriers to service delivery on case specific, PCSA, and statewide levels.

**Based upon my viewing of SACWIS as demonstrated in Miami County on May 14, 2008, it appears that some of the draft lists were not included in the rolled-out design. Personnel demonstrating the system were unaware of SACWIS capacity to produce reports aggregating data re: needs. It is unclear whether SACWIS will provide the expected foundation for completion of valid assessments of needs by county, region and statewide.**

### Recommendation:

**ODJFS should review SACWIS roll-out design in comparison with earlier designs to be sure that intended needs assessment capacity has not been compromised. As specified in the amended Roe v. Staples Consent Decree, a completed needs assessment will be required as evidence of compliance.**

### Summary

Based upon monitoring activities, it is the opinion of the court-approved expert that ODJFS has not made significant progress toward meeting Roe v. Staples requirements for data validity and needs assessment.

It is also the expert's opinion that the previously accepted monitoring process (CPOE) may be compromised by planned budget cuts. Should staff reductions be implemented, the expert recommends re-consideration of acceptance of CPOE as meeting the Roe v. Staples monitoring requirements.


Etta Lappen Davis, MAED
Etsky Consulting

June 13, 2008