# ROE V. STAPLES INTERIM REPORT

5/22/2009

The purpose of this interim report is to provide to ODJFS and Plaintiffs the court-approved expert's opinion concerning ODJFS progress toward compliance with the Roe v. Staples Consent Decree, as modified.

## Background

In April 2006, by agreement of the parties, the Court vacated its prior orders as they related to appointment of an expert panel in the matter of Roe v. Staples. In place of the expert panel, Etta Lappen Davis (dba Etsky Consulting), was appointed to provide expert advice to the Plaintiffs on Defendant Riley's Motion to Modify Consent Judgment Pursuant to Rule 60(b)(5) of the Rules of Civil Procedure (Doc. 101).

The Court further ordered that Consultant continue to serve as court-approved expert for Plaintiffs, continue to monitor compliance with the Consent Decree as amended, and that such monitoring occur according to a schedule as agreed upon by the parties. A contract for services between ODJFS and Etsky Consulting was signed to continue services for FY'09.

## Monitoring Activities

Conversations between the parties, during November and December 2008, addressed Ohio progress on SACWIS rollout and possible dates for a monitoring visit. It was agreed that a monitoring visit to Cuyahoga County should be scheduled to coincide with the CPOE Stage 7 visit in April 2009, after SACWIS rollout. It was further agreed that, since Ohio has not made significant progress on two of the three outstanding issues in the Roe v Staples consent decree, a monitoring visit to only one site would be sufficient.

A site visit to Cuyahoga County, considered a Major Metro (+800,000) County for CPOE purposes, was conducted on April 22 and 23, 2009, during which the consultant:
- observed CPOE staff conduct CPOE Stage 7 case reviews;
- randomly reviewed corresponding case record content in eight paper records;
- interviewed the Director;
- conducted a group interview with approximately 15 Supervisors.

EXHIBIT B

On April 24, 2009, Consultant and Attorney for the Plaintiffs, Michael O'Hara, met at the Rhodes State Office Tower with Joan Denman, SACWIS, Joan Van Hull, Bureau of Child Welfare Monitoring, Jessie Tower, Assistant Deputy Director, and Randi Lewis, Office of Legal Services. Consultant reported verbally observations from the monitoring visit. ODJFS personnel updated Plaintiffs concerning SACWIS rollout, CFSR process, CPOE staffing and current fiscal constraints, and the group discussed next steps in addressing the three outstanding Roe v Staples issues.

Consultant requested the CFSR report upon completion, the PIP upon completion, and a list of SACWIS fields as implemented.

On May 1, 2009, Consultant received by e-mail from Randi Lewis Ohio CFSR Final Report, OHIO CFSR Executive Summary, and Creating Case Services in SACWIS Overview.

## Findings

Based upon observations and information gathered during the monitoring visit, and review of materials listed above, Consultant has the following opinions regarding the three areas of concern:
1) Monitoring
2) Data validation
3) Needs assessment.

### 1) Monitoring

Observation of two days of the Cuyahoga County CPOE Stage 7 visit supported Consultant's previous opinion that the **ODJFS CPOE system is an effective component of monitoring the performance of PCSAs in Ohio.** The Cuyahoga County CPOE activities observed by Consultant demonstrated that the process for reviewing a case plan and meeting with the current assigned worker and supervisor, offers a vehicle for identification of documentation and case practice issues.

**The threats to the integrity of the CPOE process, however, are significant given reduction of staff resulting from budget cuts in FY'08. Mandated furlough days for each employee result in additional reduction of CPOE staff time. The substantial reduction of CPOE staff, since Consultant's initial recommendation that CPOE be considered adequate monitoring as required by Roe v Staples, raises concern about Ohio's ability to comply with the requirements of the Roe v. Staples Consent Decree, as modified.**

CPOE staff reported that as much as 50% of their time is devoted to MEPA compliance. Although ODJFS has made repeated efforts to amend Ohio's MEPA compliance plan and measures, to date federal authorities have not modified Ohio's MEPA compliance requirements. MEPA enforcement activities represent a significant drain on staff resources, which could be more effectively devoted to quality improvement services if modifications could be achieved. During the April 24, 2009 discussion, Consultant offered observations concerning MEPA implementation in other states, as well as recent discussion among child welfare advocates concerning the efficacy of MEPA. Resources for additional information were provided.

Ohio's second CFSR visit occurred in August 2008, reviewing the period from April 2007 through August 2008. CFSR review of a total of 64 cases across service areas in three counties: Franklin, Lorain and Belmont. CFSR Executive Summary and Final Report indicate that although Ohio performed well on several items, the state did not achieve substantial conformity with any of the desired outcomes for children and families. Of particular note in relation to the Roe v Staples case is performance on the following areas:

- Permanency Outcome 2 (continuity of family relationships and connections is preserved) was substantially achieved in 65 % of cases.
- Well-Being Outcome 1 (Families have enhanced capacity to provide for children's needs) was substantially achieved in 65.6% of cases.

Ohio achieved substantial conformity with four of the seven systemic factors, including Statewide Information System, Quality Assurance (QA) System, Training and Agency Responsiveness to the Community.

**While Ohio's performance on systemic factors is admirable, Consultant's opinion is that top notch monitoring systems are ultimately of minimal value if they do not result in corresponding quality of services to children and families. The ability to monitor the work of the agencies within the state is important: the ability to improve the performance of the agencies within the state is more important. Ohio's performance on many CFSR items and outcomes is concerning. It will be important for Plaintiffs to review Ohio's Performance Improvement Plan (PIP) and to be informed concerning the state's progress toward improving its performance in outcomes for children and families.**

2) Data Validation

Roll-out of SACWIS encountered significant road-blocks and completion of statewide roll-out in the counties was not completed until January 2009, years later than originally planned. **Since statewide roll-out of SACWIS is a prerequisite for data validation, inadequate progress toward data validation has been made.**

- During the monitoring visit, Consultant observed frequent discrepancies between information contained in paper records and data available in SACWIS.
- Cuyahoga staff reported that did not convert correctly to SACWIS from the previous data system. Consultant observed discrepancies, for example, contacts and visits that were not transferred correctly.
- Cuyahoga Director and Supervisors reported that data are not accurate and that needed reports are not available from SACWIS.
- A Case Management Report, printed on 4/21/09, indicated zero values in fields (for example, Supervised Visitation) that workers are certain cannot be zero.

A SACWIS visit was scheduled for May 2009 during which federal representatives were to monitor Ohio's SACWIS progress. User training has been available throughout the state, and user guides have been developed to assist staff to enter and use data correctly.

It is anticipated that Ohio will not achieve compliance with federal requirements concerning SACWIS until 2011 at the earliest.

3) Needs Assessment

In previous reports, Consultant recommended that Plaintiffs and ODJFS agree that SACWIS data be used as the basis for needs assessment.

ODJFS had provided SACWIS design documents, including screen specifications, case plan specifications, services and definitions that appeared to indicate SACWIS data could provide the foundation for valid needs assessment. Consultant reviewed the concern categories, services and definitions, and barriers lists in detail and found the lists to be comprehensive. Consultant determined that using the proposed SACWIS pull down screens and the accompanying narrative fields, staff should be able to accurately identify concerns and needed services for each child and member of the family. The draft "barriers" list included all anticipated barriers and an "other" option with a text box, within which the caseworker could identify other unlisted barrier(s) to service delivery. Therefore, Consultant believed that once rolled out, SACWIS would allow ODJFS to compile data regarding child and family concerns, services needed, unmet needs, and barriers to service delivery on case specific, PCSA, and statewide levels.

During the monitoring visit, however, staff stated that they cannot produce needed reports from SACWIS. Consultant observed that workers and supervisors do not yet have sufficient familiarity with the system to understand fully its capabilities. Data validity (as addressed above) is a concern and full information about current data fields has not been provided. In addition,

interviewed personnel were unable to articulate how SACWIS data could be used to develop a needs assessment.

**At this time, based upon Consultant's monitoring activities, it is unclear whether SACWIS will provide the expected foundation for completion of valid assessments of needs by county, region and statewide.**

### Recommendations:

1) While Consultant recognizes that the current economic environment presents enormous fiscal constraints, additional CPOE staff positions should not be eliminated, as further reduction of staff would be detrimental to the CPOE system, maintenance of which is essential to compliance with the Roe v. Staples Consent Decree, as amended.
2) ODJFS should continue to train staff to enter data correctly into SACWIS. Additional training should be provided to staff concerning the system's capacity to produce the reports they need.
3) ODJFS should consider shaping CPOE Stage 8 to include monitoring of accurate entry of data that could be used in needs assessments.
4) Necessary steps should be taken to correct data discrepancies between old and new systems in Cuyahoga County.
5) ODJFS should develop a plan for completing a needs assessment using SACWIS data, and should submit the plan to Plaintiffs for review.
6) Ohio's CFSR PIP should be shared with Plaintiffs upon completion.
7) Results of SACWIS monitoring should be shared with Plaintiffs when available.

### Summary

Based upon monitoring activities, it is the opinion of the court-approved expert that ODJFS has not made significant progress toward meeting Roe v. Staples requirements for data validity and needs assessment.

It is also the expert's opinion that the previously accepted monitoring process (CPOE) may be compromised by planned budget cuts. Plaintiffs should continue to monitor Ohio's progress toward resolution of the three outstanding Roe v Staples issues.

Etta Lappen Davis, MAED
Etsky Consulting
May 22, 2009