# ROE V. STAPLES INTERIM REPORT

### 12/10/2010

The purpose of this interim report is to provide to ODJFS and Plaintiffs the court-approved expert's opinion concerning ODJFS progress toward compliance with the Roe v. Staples Consent Decree, as modified.

## Background

In April 2006, by agreement of the parties, the Court vacated its prior orders as they related to appointment of an expert panel in the matter of Roe v. Staples. In place of the expert panel, Etta Lappen Davis (dba Etsky Consulting), was appointed to provide expert advice to the Plaintiffs on Defendant Riley's Motion to Modify Consent Judgment Pursuant to Rule 60(b)(5) of the Rules of Civil Procedure (Doc. 101).

The Court further ordered that Consultant continue to serve as court-approved expert for Plaintiffs, continue to monitor compliance with the Consent Decree as amended, and that such monitoring occur according to a schedule as agreed upon by the parties. A contract for services between ODJFS and Etsky Consulting was signed to continue services through June 30, 2011.

## Progress since 5/2009 Interim Report

The Interim Report, dated 5/22/09 included the following recommendations:

1) While Consultant recognizes that the current economic environment presents enormous fiscal constraints, additional CPOE staff positions should not be eliminated, as further reduction of staff would be detrimental to the CPOE system, maintenance of which is essential to compliance with the Roe v. Staples Consent Decree, as amended.
2) ODJFS should continue to train staff to enter data correctly into SACWIS. Additional training should be provided to staff concerning the system's capacity to produce the reports they need.
3) ODJFS should consider shaping CPOE Stage 8 to include monitoring of accurate entry of data that could be used in needs assessments.
4) Necessary steps should be taken to correct data discrepancies between old and new systems in Cuyahoga County.
5) ODJFS should develop a plan for completing a needs assessment using SACWIS data, and should submit the plan to Plaintiffs for review.
6) Ohio's CFSR PIP should be shared with Plaintiffs upon completion.
7) Results of SACWIS monitoring should be shared with Plaintiffs when available.



EXHIBIT C

Since May 2009, Consultant has received verbal updates and a variety of individual documents, however, as of December 10, 2010, a written response to the above recommendations has not been received.

On February 1, 2010, Consultant contacted Joan Van Hall and Gwen Harris to schedule a monitoring visit. Both responded that their roles within the Department had changed and they were no longer assigned to CPOE and Roe v. Staples. Both thought someone else from ODJFS would contact Consultant to identify a new contact person.

On April 7, 2010, Joan Van Hull e-mailed stating that she had been informed that she would be the contact for Roe v. Staples after all. A series of e-mails and telephone messages resulted in phone contact in mid-May.

On 5/12/2010, Consultant e-mailed Joan Van Hull stating that Consultant had "not received any information about what progress, if any, Ohio has made in outstanding issues in the consent decree, and whether any action has been taken on the recommendation made in my interim report from May, 2009."

During a telephone conversation on May 17, 2010, Joan Van Hull confirmed that there has been little change since the 2009 Interim Report. The CFSR PIP had been revised but had not been accepted, SACWIS had met yet another delay and was not fully rolled out, and to Joan's knowledge, no plans had been made to address the needs assessment issues. Ms. Van Hull agreed to forward the PIP as soon as it was final, and to update Consultant with regard to SACWIS progress. It was agreed that since the PIP had still not been accepted and SACWIS roll-out had not been completed, a monitoring visit should not be scheduled at that time.

On May 17, 2010, Consultant received a copy of the User Group Presentation for the HHS visit, which included information about SACWIS compliance.

On September 21, 2010, Joan Van Hull provided the following update via e-mail: "First- The CFSR Program Improvement Plan has not been approved yet by HHS. In order to determine compliance with measures that must be achieved CPOE will be used. It was "highly" recommended we modify our CPOE tools to reflect the CFSR On-site review instrument and also follow similar sampling procedures." She attached the CPOE Stage 8 tool. She added, "SACWIS is in the midst of fiscal roll out and also is being modified to accommodate Alternative Response."

Consultant reviewed the CPOE Stage 8 tools.

On October 26, 2010, Consultant received an update from Joan Van Hull via e-mail, and a copy of the CFSR PIP, which was approved by HHS and commenced 10/1/2010.

Consultant reviewed the CFSR PIP and forwarded it and the CPOE Stage 8 tool to Counsel for the Plaintiffs.

On November 10, 2010, Joan Van Hull forwarded an outline of the CPOE Stage 8 schedule. Consultant responded requesting specific dates in order to be able to schedule a monitoring visit.

On November 15, 2010, Consultant received e-mail from Joan Van Hull stating, "During CPOE Stage 8 ODJFS will rely more on SACWIS to assess compliance. At the entrance conferences agencies will be asked if they want to "co-review" the case. They can co-review the case on-site or via phone together as the case is looked at in SACWIS. Interviews follow the CFSR process and will occur on-site. Based upon this we will not know the specific on-site dates unless it is already noted on the attached schedule."

Since the schedule did not include any dates later than mid-November, it was not possible to schedule a monitoring visit to coincide with a CPOE Stage 8 site visit.

## Status

Based upon communication between Joan Van Hull and Consultant and documents reviewed, it is Consultant's opinion that insufficient progress has been made on the three outstanding issues identified in previous Interim Reports:

1) Monitoring
2) Data validation
3) Needs assessment.

## 1) Monitoring

CPOE Stage 8 is now underway, modified and adapted to meet the requirements of the CFSR process.

**Consultant's concerns about the integrity of the CPOE process expressed in the 5/2009 Interim Report continue. The substantial reduction of CPOE staff since Consultant's initial recommendation that CPOE be considered adequate monitoring as required by Roe v Staples raises concern about Ohio's ability to comply with the requirements of the Roe v. Staples Consent Decree, as modified.**

**In addition, the convergence of CPOE Stage 8 and CFSR monitoring tools may reduce Ohio's capacity to identify and monitor performance issues relevant to Roe v. Staples that are not associated with CFSR compliance.**

**Consultant recommends that Plaintiffs and ODJFS discuss whether acceptance of CPOE and CFSR continue to meet the intent of monitoring as agreed in the Roe v. Staples consent decree.**

## 2) Data Validation

Roll-out of SACWIS has not been completed; therefore there has been no change in data validation.

**Since statewide roll-out of SACWIS is a pre-requisite for data validation, there has been no change since the 5/2009 Interim Report. Inadequate progress toward data validation has been made.**

## 3) Needs Assessment

In previous reports, Consultant recommended that Plaintiffs and ODJFS agree that SACWIS data be used as the basis for needs assessment.

ODJFS had provided SACWIS design documents, including screen specifications, case plan specifications, services and definitions that appeared to indicate SACWIS data could provide the foundation for valid needs assessment. Consultant reviewed the concern categories, services and definitions, and barriers lists in detail and found the lists to be comprehensive. Consultant determined that using the proposed SACWIS pull down screens and the accompanying narrative fields, staff should be able to accurately identify concerns and needed services for each child and member of the family.

**Since that time, however, there has been no progress toward planning for a needs assessment based on SACWIS data. At this time, based upon Consultant's review of documents, it is unclear whether SACWIS will provide the expected foundation for completion of valid assessments of needs by county, region and statewide.**

### Recommendations:

1) Convene a meeting of ODJFS legal and program representatives with Counsel for the Plaintiffs and Consultant to discuss continued viability of ODJFS's plans to comply with the Roe v. Stapes consent decree.
2) Ohio officials should complete written responses to the 2009 Interim Report recommendations that have not been addressed by submitted documents.
3) Schedule a Roe v. Staples monitoring visit for spring 2011.

## Summary

Based upon monitoring activities, it is the opinion of the court-approved expert that ODJFS has not made significant progress toward meeting Roe v. Staples requirements for data validity and needs assessment.

It is also the expert's opinion that the previously accepted monitoring process (CPOE) may be compromised by budget cuts and changes in the CPOE process. Plaintiffs should continue to monitor Ohio's progress toward resolution of the three outstanding Roe v Staples issues.

Etta Lappen Davis, MAEd
Etsky Consulting
December 10, 2010