# ROE V. STAPLES INTERIM REPORT

6/8/2012

The purpose of this interim report is to provide to Plaintiffs and ODJFS the court-approved expert's opinion concerning ODJFS progress toward compliance with the Roe v. Staples Consent Decree, as modified.

## Background

In April 2006, by agreement of the parties, the Court vacated its prior orders as they related to appointment of an expert panel in the matter of Roe v. Staples. In place of the expert panel, Etta Lappen Davis (dba Etsky Consulting), was appointed to provide expert advice to the Plaintiffs on Defendant Riley's Motion to Modify Consent Judgment Pursuant to Rule 60(b)(5) of the Rules of Civil Procedure (Doc. 101).

The Court further ordered that Consultant continue to serve as court-approved expert for Plaintiffs, continue to monitor compliance with the Consent Decree as amended, and that such monitoring occur according to a schedule as agreed upon by the parties. A contract for services between ODJFS and Etsky Consulting was signed in May 2011 to continue services through June 30, 2013.

## Monitoring Activities

2/24/11    Consultant received Roe v. Staples Status Report from Sandra T. Holt, Deputy Director, Child/Adult Protection, Office of Families and Children in response to 5/22/09 and 12/10/10 monitoring reports. Consultant reviewed Status Report in preparation for 2/25/2011 meeting.

2/25/11    Consultant attended meeting at ODJFS office in Columbus with ODJFS representatives Michael McCreight, Sandra Holt, Joan Van Hull, Randi Lewis, Denise Pleska, Roger Ward, and Tresa Young, and plaintiffs' attorney, Michael O'Hara. Received Child and Family Services Review (CFSR) Quarter 1 Report, dated January 31, 2011, and Program Improvement Plan (PIP) Status Report, dated January 28, 2011.

3/9/11    Consultant received and reviewed revised SACWIS case service functionality list and accompanying explanatory PowerPoint.

EXHIBIT E

5/19/11    Telephone conversation with Joan Van Hull concerning planning needs assessment, and SACWIS staffing.

10/7/11    E-mail to Joan Van Hull identifying possible dates for monitoring visit(s) in November and December 2011.

10/20/11   E-mail correspondence with Joan Van Hull and Barbara Manuel, Consultant received update from Joan Van Hull concerning SACWIS implementation and scheduling a monitoring visit.

10/24/11   Telephone conversation with Michael O'Hara.

11/2/11    Consultant received e-mail from Barbara Manuel with CPOE dates scheduled for November and December. Only December 15 was possible for Consultant.

11/7/11    E-mail from Barbara Manuel with Adams QIP to review.

11/17/11   E-mail sent Barbara Manuel, indicating that based on review of QIP, Consultant did not believe that a visit to Adams County would provide needed evidence of progress toward compliance with Roe v. Staples agreement. Consultant offered alternative dates in January and February, and specified that visit should include: opportunity to observe workers' use of revised SACWIS fields; and observation of CPOE 8 interview and case review process to facilitate determination of the extent to which the CPOE process identifies and addresses issues relevant to Roe v. Staples.

12/6/11    Received e-mail from Joan Van Hull re: CPOE 8 schedule in Butler County.

12/21/11   Confirmed Roe v. Staples monitoring visit in Butler County for February 1 and 2, 2012.

1/18/12    Received CPOE 8 description and review tool in preparation for site visit.

2/1/12 – 2/2/12    Conducted Roe v. Staples monitoring visit at Hamilton office, Butler County. Observed CPOE 8 process: case review of three cases, and interviews with one worker, one supervisor, one foster parent, and one adoptive parent.

4/16/12    Received notification from Joan Van Hull that Butler County CPOE 8 report would be completed this week, and would be sent to me after approval. SACWIS site visit will not be scheduled for July.

4/20/12    Received Butler County CPOE 8 Report.

5/18/12    Received e-mail from Joan Van Hull stating that the SACWIS site visit has not been scheduled.

## Status of Compliance with Outstanding Issues

Based upon Consultant's site visit and documents reviewed, it is Consultant's opinion that insufficient progress has been made on the three outstanding issues identified in previous Interim Reports:

1) Monitoring
2) Data validation
3) Needs assessment.

## 1) Monitoring

CPOE Stage 8, in progress, has modified and adapted Ohio's process to conform to the Federal CFSR process.

The Butler County CPOE Stage 8 Final Report states:

> Traditionally, CPOE reviews have focused on assessing the PCSA's compliance with Ohio Administrative Code (OAC) rules, as evidenced by documentation in the case record. CPOE Stage 8 diverges from this tradition. At the heart of CPOE Stage 8 is a case review tool based on the federal onsite review instrument that focuses on outcomes and services for children and families and incorporates certain compliance items mandated by OAC.

Consultant's concerns about the integrity of the CPOE process expressed in the 5/2009 Interim Report continue. There has been substantial reduction of CPOE staff since Consultant's initial recommendation that CPOE be considered adequate monitoring as required by Roe v Staples.

Of greater concern, it's the scope and breadth of the CPOE 8 process itself. The Butler County CPOE 8 Final Report evidences that few of the CPOE 8 indicators are directly relevant to the issues of concern of Roe v. Staples.

- The sample cases were reviewed only for the compliance during the six-month period under review (September 1, 2010 through August 31, 2011. Issues relevant to Roe v. Stapes that occurred before or after that time period were not considered or included in the report.
- Seven in-home and three substitute care cases were reviewed in Butler County. Consideration of Roe v. Staples issues is not a factor in selection of cases for review.
- Areas in which Ohio achieved an overall rating of strength in the most recent CFSR review were not rated during CPOE Stage 8. Therefore,

    there are not ratings for some indicators, even if they might be relevant to Roe v. Staples monitoring.
- The CPOE 8 tool and process appear to place substantial emphasis on documentation and data entry, but little emphasis on quality of family support, content of contacts with children and families, or quality of case practice overall, issues that are critical to Roe v. Staples.

The convergence of CPOE Stage 8 and CFSR monitoring tools may have reduced Ohio's capacity to identify and monitor performance issues relevant to Roe v. Staples that are not associated with CFSR compliance.

## 2) Data Validation

Ohio reports progress on SACWIS implementation, however, SACWIS financial rollout has not been completed.

Since statewide rollout of SACWIS is a pre-requisite for data validation. Data validation is dependent upon rollout and implementation statewide.

Ohio had anticipated a SACWIS site visit in July 2012; however, a visit has not been scheduled.

SACWIS certification is required for compliance with Roe v. Staples data validation expectations.

## 3) Needs Assessment

In previous reports, Consultant recommended that Plaintiffs and ODJFS agree that SACWIS data could be used as the basis for needs assessment.

ODJFS had provided SACWIS design documents, including screen specifications, case plan specifications, services and definitions that appeared to indicate SACWIS data could provide the foundation for valid needs assessment. Consultant reviewed the concern categories, services and definitions, and barriers lists in detail and found the lists to be comprehensive. Consultant determined that using the proposed SACWIS pull down screens and the accompanying narrative fields, staff should be able to accurately identify concerns and needed services for each child and member of the family. SACWIS fields have been updated, and revised fields have been provided to Consultant.

Although SACWIS provides a theoretical foundation for completion of needs assessment, plans for using SACWIS data for needs assessment have not been completed.

In order to comply with Roe v. Staples, ODJFS must complete a needs assessment.

**Recommendations:**

1) ODJFS should review CPOE 8 reports to date to summarize the findings in completed reports that are relevant to Roe v. Staples. The summary should be provided to Plaintiffs and Consultant upon completion.

2) Based on its CPOE 8 summary, ODJFS and Plaintiffs should discuss whether CPOE and CFSR meet the intent of monitoring as agreed in the Roe v. Staples consent decree.

3) ODJFS should report any progress toward SACWIS compliance as accomplished.

4) ODJFS should outline its plans for needs assessment, so that needs assessment can commence as soon as possible after SACWIS rollout and data validation.

**Summary**

Based upon monitoring activities, it is the opinion of the court-approved expert that ODJFS has not made sufficient progress toward meeting Roe v. Staples requirements for data validity and needs assessment.

It is also the expert's opinion that the previously accepted monitoring processes (CPOE and CFSR) may not be providing sufficient relevant information to determine Ohio's compliance with the Roe v. Staples consent decree as modified. Plaintiffs should continue to monitor Ohio's progress toward resolution of the three outstanding Roe v Staples issues.

Etta Lappen Davis, MAEd
Etsky Consulting
June 8, 2012